[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties entered into a written lease agreement in October 1999, commencing on November 1, 1999.
The lease was termed a "month-to-month" lease, cancellable by either party upon sixty (60) days written notice, but it was not cancellable before May 1, 2000, without just cause.
The monthly rental payment was $700 and the tenants (defendants) paid a security deposit of $700.
The tenants were to assume responsibility for utilities and fuel oil and to leave the fuel oil tank full upon lease termination. The landlord was to pay the service contract for the furnace.
The property was a single-family home which had been occupied by the landlord, who vacated the property to move in with her fiance. In the spring of 2000, the landlord's relationship with her fiance was ending and she called the tenants asking to move back to the house and live there with them, at least temporarily. When the tenants declined, the plaintiff became angry and sought the services of an attorney who, on May 31, 2000, served a Notice to Quit on the tenants to vacate on or before August 1, 2000 for "termination of lease due to lapse of time." However on June 2, 2000, the plaintiff advised her attorney not to take any further action before September 1, 2000. The plaintiff had talked to the tenants and agreed they could stay until the end of August.
Earlier in the tenancy the parties discussed painting some inside walls and they reached an oral understanding that the landlord would pay for the paint and the tenants would paint certain areas of the house including a bedroom, entry hallway, and living room. The tenants purchased the paint and necessary supplies, and painted those areas. When they sent the plaintiff their check for the July rent, they deducted the cost of the paint and related supplies they had purchased and sent the CT Page 1983 plaintiff a check for the difference, which was $372.53 (which included an $8.00 bank fee).
The plaintiff returned the check uncashed and caused a second notice to quit to be served for non-payment of the July rent. The defendants vacated the premises on August 30, 2000. (Although the plaintiff testified they moved out on September 1, 2000, the credible testimony was otherwise.) Both the Lombardos testified they vacated on August 30th. Mr. Lombardo called the plaintiff's fiance and left a voice message to that effect and that the house keys would be on the table. Mr. Mollison (fiance) personally relayed that message to the plaintiff. Accordingly, the defendants owe rent only for the months of July and August 2000. The other claims of damages are now discussed.
 1. The plaintiff complains the defendants failed to refill the oil tank when they vacated, as required by the lease. The plaintiff testified she had the tank filled, but could not recall the cost and no bill was submitted. Without such evidence, the plaintiff has failed to prove her damages as to this claim.
 2. The plaintiff claims the defendants removed curtains or draperies. From the evidence, however the defendants removed the draperies, had them cleaned and left them in a bag in the garage. This claim has no merit.
3. Various claims of damage to the premises including:
 a. A broken latch on the front door: The credible testimony from both the defendants and witnesses who helped them move established the door latch was not broken when the defendants moved. The plaintiff has not met her burden of proof.
 b. A missing pane of glass in the back door: The defendants do not deny that, however, the plaintiff did not submit evidence as to the cost to repair it. Therefore the Court cannot award damages for this claim, however, it would obviously be a minimal cost.
 c. The plaintiff claims the defendants damaged the furnace: The lease requires the plaintiff to pay the maintenance contract for the furnace. There was no evidence that the defendants damaged the furnace, in fact, they had a water leak repaired at their own expense of $146.76. (Exhibit 11.) Further there was no evidence from the plaintiff as to the cost of making any furnace repairs, even if she had proved it was damaged by the defendants.
CT Page 1984
 d. Failure to maintain the swimming pool: The credited testimony was that the above ground pool was clear and clean throughout the summer of 2000 and in any event, no evidence of cost to clean it was submitted.
 e. Garage door damage: The Court could discern no damage from the photographs submitted and there was also no evidence of cost to repair. This claim also must fail.
 f. Damage to wall of garage: There is some minor scratching to the wallboard in the garage, which according to the defendants, was probably caused by a couch owned by the plaintiff which she left stored against the wall. The plaintiff has not proved the damage was caused by the defendants, nor was there evidence of cost to repair.
 g. The painting done by the defendants was shoddy requiring re-painting by the plaintiff: This claim was not borne out by the evidence. The plaintiff expressed satisfaction with the painting done by the defendants telling them that she "loved it." The plaintiff was in the house on more than one occasion after the painting was done and said only positive things about it. When the parties met after the first notice to quit to discuss a time to move (Exhibit 2), the plaintiff also said she was happy with the paint job and described the defendants as excellent tenants. This claim is unproven and without merit.
The defendants seek a setoff or counterclaim damages for the cost of paint and materials in the amount of $377.47. (Exhibit 12.)
The plaintiff contends that their oral agreement was that she would pay for the paint and did not agree to pay for other materials which included such items as rollers, masking tape, sandpaper, latex gloves, etc. The terms of the agreement were clearly set forth and the Court cannot, by inference, find otherwise. There simply was no evidence that the parties mutually understood the plaintiff would pay for paint and material.
Therefore, the Court awards damages to the plaintiff as follows:
Rent for July and August 2000 ($700 x two months) $1400.00
Credit for Security Deposit held by the plaintiff. $700.00
Credit for paint purchased by defendants. 159.39
Total cost: 859.39
Balance due: $ 540.61 CT Page 1985
The Court declines to award counsel fees under the facts of this case. The first summary process action was withdrawn with an agreement that the defendants would vacate by the end of August and they did so. There was no good reason to bring the second action and aside from the issue of whether the parties contemplated the cost of material besides the paint, the plaintiff's claims of damages were either unfounded or unproven.
Accordingly judgment shall enter for the plaintiff in the amount of $540.61.
Klaczak, J.T.R. CT Page 1986